THE EVANGELICAL LUTHERAN ST. JOHN ORPHANS' HOME OF THE CITY OF BUFFALO, RESPONDENT, *v.* THE BUFFALO HYDRAULIC ASSOCIATION, JACOB GETZ AND FRANKLIN GETZ, APPELLANTS.

*Easement — when may be sold under execution.*

APPEAL from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought to obtain a perpetual injunction, restraining the defendants from completing a dam across the Buffalo river, at or near the junction of the Cayuga creek with the middle branch of the Buffalo creek, and to remove so much of such dam as they had constructed.

The property or easement which was the subject of this controversy, was sold under execution issued on a judgment recovered against the defendant corporation. The referee found that the easement was abandoned. That Robert Troup and others were, on and before February 21st, 1828, seized of the lands where the subject of this controversy is located, and· on that day they, by an instrument in writing, gave and granted to said corporation and its successors, among other things, the right ·and privilege to enter upon and take possession of such piece of land as should be necessary for a dam or dyke, said right to become forfeited in case of any breach or failure to perform the conditions of said instrument. That on the 1st of October, 1852, Ruben B. Heacock recovered a judgment against The Buffalo Hydraulic Association for over $50,000, and upon an execution issued upon that judgment, said right and privilege were sold. That the sale under the execution, and the deed executed and delivered in pursuance thereof, divested the said The Buffalo Hydraulic Association of all rights, title and interests which it then had in said dam, and all the easements and rights of property conferred upon or conveyed to it by said Robert Troup and others. The defendant corporation claimed that the easement became blended with the franchises conferred upon it by the legislature, was a part of them, and could not be sold.

The General Term *held*, that the property, and, as appurtenant to it, this easement, was liable to sale under execution (Ang. on W. C., 8, § 142, 143, 153 *a; Goodrich* v. *Burbank*, 12 Allen, 461; *Post* v. *Pearsall*, 22 Wend., 425); that, as the right to terminate the servitude was expressly reserved to the grantor in the deed conveying it to the said defendant, no question was presented as to the power to abandon an easement acquired by grant.

*Thayer & Benedict*, for the appellants.

*Geo. W. Cothran*, for the respondent.

Opinion by GILBERT, J.

Judgment affirmed, with costs.